UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**VIRGINIA WILSON,**

Plaintiff,

Case No. 26-cv-1884

vs.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

Defendant.

---

# COMPLAINT

---

The Plaintiff, Virginia Wilson, by Hawks Quindel, S.C., for her complaint against The Lincoln National Life Insurance Company, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Langlade County, Wisconsin.

2. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is the claims administrator for a long-term disability benefits plan to which Plaintiff is a participant and, on information and belief, is a corporation organized under the laws of Indiana, licensed to do business in Wisconsin. Lincoln's registered agent for service of legal process in the State of Wisconsin is Corporation Service Company located at 33 E. Main Street, Suite 610, Madison, Wisconsin 53703.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. Plaintiff was employed as a Customer Relations Coordinator for Charter Communications, Inc. ("Charter").

8. During the course of Plaintiff's employment, Plaintiff became eligible for coverage under the Charter Communications, Inc. Welfare Benefit Plan ("the Plan"), which included the Charter Communications, Inc. Long-Term Disability Program.

9. Plaintiff ceased working on or about August 3, 2023, due to her medical conditions, including brachial plexus disorder, thoracic outlet syndrome, bilateral leg edema, chronic pain syndrome, left lateral epicondylitis, spondylosis of the lumbar spine without myelopathy or radiculopathy, left-sided sacroiliac joint dysfunction, paresthesia of the right hand, severe obesity, and hyperlipidemia.

10. Upon becoming disabled, Plaintiff filed a claim for LTDI benefits.

11. Defendant approved Plaintiff's claim for LTDI benefits from February 1, 2024 through January 31, 2026.

12. Plaintiff's gross LTDI benefit is $2,143.90 per month.

13. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

14. Defendant was responsible for paying Plaintiff's LTDI benefits.

15. Defendant denied Plaintiff's LTDI benefits claim beyond January 31, 2026.

16. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

17. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

18. Plaintiff submitted all information requested by the Defendant.

19. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

20. Defendants did not perform a "full and fair review" of Plaintiff's claim.

21. Defendant failed to adequately explain its reasons for denying Plaintiff's benefits.

22. Defendant conducted a selective review of Plaintiff's medical records.

23. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

24. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

25. At all times material to this case, the Plan has remained in full force and effect.

26. Defendant's denial of Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA**

27. The preceding paragraphs are reincorporated by reference as though set forth here in full.

28. Plaintiff has been and remains disabled, as that term is defined by the Plan.

29. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plans have not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

30. Defendant wrongfully denied LTDI benefits due to Plaintiff.

31. Alternatively, if a deferential standard of review applies, then Defendant arbitrarily, capriciously, and unreasonably denied Plaintiff benefits.

32. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

33. Defendant's denial of Plaintiff's LTDI benefits was incorrect and unreasonable.

34. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**REQUEST FOR RELIEF**

**WHEREFORE** the Plaintiff, Virginia Wilson, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: October 9, 2026

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, VIRGINIA WILSON*

By: */s/ Timothy P. Maynard*
Timothy P. Maynard, SBN 1080953
Carmen L. Lopez, SBN 1122201
5150 N. Port Washington Road
Suite 243
Milwaukee, Wisconsin 53217
Telephone: 414-271-8650
Facsimile: 414-207-6079
Email: tmaynard@hq-law.com
clopez@hq-law.com